■ In the Matter of the Arbitration between BURT BUILDING MATERIALS CORP. et al., Appellants and LOCAL 1205, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Respondent.— In a special proceeding to confirm an arbitration award, petitioners appeal from (a) an order of the Supreme Court, Suffolk County, entered April 5, 1965, which confirmed the award, denied petitioners' cross motion to vacate said award, and directed entry of judgment thereon; and (b) a judgment of said court entered April 12, 1965 pursuant to said order. Order reversed on the law and facts; award and judgment vacated; and matter remitted to the arbitrator for rehearing and limitation of the award to the amount of back pay for the period from the dates of discharge of the employees involved to June 30, 1964. Findings of fact below which may be inconsistent herewith are reversed, and new findings are made as indicated herein. Petitioner Burt and respondent Union were parties to a collective bargaining agreement effective from January 1, 1963 to June 30, 1964. On June 5, 1964 petitioners executed a contract for Burt to sell his lumber business to Burt Building Materials Corp. On June 19, 1964 the individual Burt ceased, and the corporation began to operate the business. On that date the corporation discharged the four employees involved in the present controversy. By order entered December 2, 1964, both petitioners were directed to arbitrate questions concerning the discharge. On February 16, 1965 the arbitrator made an award that (a) the corporation has a valid collective bargaining agreement with the union; (b) the corporation cease interfering with the exercise of its employees' rights; (c) the corporation reinstate the four discharged employees with back pay, for which both petitioners are liable; and (d) the employees are entitled to back pay from the date of discharge to the date of the award, less moneys earned during that period. In our opinion, there was no basis for an award of back pay beyond June 30, 1964, the date of expiration of the collective bargaining agreement. There is no provision in the agreement for its continuation or renewal beyond that date. Christ, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.